Bernard Fuchs, J.
Plaintiff moves for summary judgment.
This action on a bond arises from a child custody proceeding before the Juvenile and Domestic Relations Court of Essex County, New Jersey. In 1974, Jerome Farula, the father of plaintiff’s two children, became amenable to that court’s process after eluding it for years in California where he and the children resided. To assure plaintiff that the children would be produced before the New Jersey court when required, Farula and defendant (his kinswoman) executed the bond in question on June 14, 1974., !
Under the bond, defendant and Farula promised to keep the children, Caroline and Gerard, at defendant’s home in Brooklyn "pending hearing of the matter of the custody of the * * * infants” before the New Jersey court and to "produce said children before the Court at all times ordered by the Court”. In default of this obligation defendant and Farula bound themselves jointly and severally to pay plaintiff $5,000.
On September 9, 1974, the New Jersey court issued an order consented to by the parties before it. The order granted temporary custody of the children to Farula and provided visitation by plaintiff and review of "this matter” at the earlier of six months’ time or Farula’s incarceration (a prosecution was then pending against ¡him). One of the ordering *549 paragraphs provided that the bond "shall continue until the further order of the Court”.
Some time during the same month, Farula returned to California with the children and has refused to comply with the order. On February 13, 1976 the New Jersey court ruled that Farula had wilfully violated its prior order and awarded custody of the children to plaintiff.
Defendant’s memorandum of law concedes that the facts stated in plaintiff’s moving papers are substantially accurate. The only semblance of a fact issue is a question as to the first paragraph of the bond which states that the consideration for the obligation is the obligors’ retention of custody of the children until "final determination”. That expression is substituted by hand for the typed but crossed-out date "June 21, 1974”.
According to defendant’s memorandum of law defendant’s copy of the bond does not include this change but neither does defendant actually deny that it was made. Nor has any sworn statement been submitted by defendant. There is therefore no evidentiary showing sufficient to raise an issue. (6 CarmodyWait 2d, § 39:29.)
Defendant’s real contentions are twofold. She argues first, that her obligation under the bond was satisfied on September 9, 1974 when the consent order issued and second, that the New Jersey court had no power to continue the bond as to defendant.
The second argument is clearly correct. As to defendant, the bond was a wholly consensual obligation because she was not a party to the proceeding and the New Jersey court had no jurisdiction over her. (1 Carmody-Wait 2d, § 2:79.) Nothing in the moving papers suggests any breach of the bond on or before September 9, 1974. Accordingly, if the bond did not, by its terms, remain operative after September 9, 1974, defendant, not plaintiff, should have summary judgment. (CPLR 3212, subd [b].)
The period for which the bond was intended to remain operative depends on the meaning of the words "pending hearing of the matter of custody”. The bond is clearly intended to be an integration, i.e., a full and final statement of the agreement. It also appears, as to defendant, to fall within the Statute of Frauds as a promise to answer for the default of another. (See General Obligations Law, § 5-701.) For these *550 reasons parol evidence would not be admissible to alter or vary its terms. (4 Williston, Contracts [3d ed], § 604.)
This is not to say that parol evidence might not be admitted to explain the meaning of the "pending hearing” language in the bond. (St. Regis Paper Co. v Hubbs & Hastings Paper Co., 235 NY 30; 4 Williston, Contracts [3d ed], § 616.) But no contention is advanced by either party that any surrounding circumstances or any special usage by the parties of the terminology in question or indeed any other fact not within the four corners of the bond would shed light on its meaning. In these circumstances, interpretation of the bond is a matter entirely for the court and there is no occasion for a trial. (Bonime v Cummings, 5 AD2d 976; 4 Williston, Contracts [3d ed], § 616.)
Established principles of interpretation require that the writing be read as a whole with all parts consistent so as to give effect to its purpose (Empire Props. Corp. v Manufacturers Trust Co., 288 NY 242), and that the court remain cognizant of the circumstances surrounding execution of the agreement. (4 Williston, Contracts [3d ed], § 618.) Defendant’s brief indicates that a custody hearing was held in late June, 1974, shortly after the date of the bond and that the September 9, 1974 consent order "terminated a hearing”. The consent order of September 9, 1974, however, awards custody of the children subject to a specifically scheduled review within a period no longer than six months. Was the bond to extend only to the date of the hearing with so inconclusive a culmination?
The first paragraph of the bond states as consideration for its execution that defendant and Farula could retain "physical custody” of the children until "final determination”. That language hardly describes an order which schedules an early review of the very judicial actiqn it embodies. This is so notwithstanding that the New Jersey court’s jurisdiction is limited (as plaintiff herself points out) to "matters of * * * temporary custody of children.” (NJ Stats, tit 2A, 2A:4-18, subd b.) For that court’s order of, February 13, 1976 demonstrates its power to award custody until its further order, which is to say for an indefinite period terminable only upon some new and successful initiative.:
The parties would hardly have troubled to delete the June 21, 1974 date from the first paragraph and substitute "final determination” in hand lettering merely to state a pointlessly expanded consideration for the bond. The real purpose of the *551 change can be no other than to describe the outcome of the hearing which would conclude the bond’s operative life.
This reading is entirely consistent with the circumstances surrounding execution of the bond. After flouting the New Jersey court’s process for years Farula had at last been brought before it under arrest. A bond which would terminate with a consent order timed virtually to self-destruct in six months or less with interim custody in Farula and the ultimate custody question still unresolved would hardly be calculated to secure compliance with further judicial process by an individual of his propensities. Only language of unmistakable import should compel an inference that plaintiff made so improvident a bargain.
Motion granted. Judgment for plaintiff in the amount of $5,000 plus interest from October 1, 1974 and costs and disbursements of the action.